# LORI CALVERT *v.* UNIVERSITY OF CONNECTICUT HEALTH CENTER
## (AC 34447)

DiPentima, C. J., and Gruendel and Borden, Js.

Argued March 13—officially released May 21, 2013

*Neil Johnson,* for the appellant (plaintiff).

*Michael G. Rigg,* with whom, on the brief, were *Adam J. Tarr* and *Robert D. Silva,* for the appellee (defendant).

*Opinion*

PER CURIAM. This appeal concerns a medical malpractice action brought by the plaintiff, Lori Calvert, against the defendant, the University of Connecticut Health Center. The plaintiff appeals from the judgment of the trial court dismissing her action for failure to exhaust her administrative remedies. The plaintiff claims that the court improperly ruled that those remedies were not futile. We disagree and, accordingly, affirm the judgment.

After the plaintiff commenced this action, the defendant moved to dismiss the action on the ground of sovereign immunity. The court granted the motion to dismiss and rendered judgment accordingly. This appeal followed.

The following procedural history is undisputed. On November 19, 2010, the plaintiff brought this action in the Superior Court against the defendant for alleged

medical injuries she suffered as a result of the negligent treatment she received while a patient at the defendant hospital in January, 2010. Although the plaintiff's complaint was accompanied by her attorney's certificate of reasonable inquiry and a written opinion letter from a similar health care provider as required by General Statutes § 52-190a,[1] it did not contain an allegation that the claim for medical malpractice against the defendant—a state hospital—had been authorized by the claims commissioner, as required by General Statutes § 4-160 (a) and (b).[2] The plaintiff filed a revised complaint on February 24, 2011. Thereafter, the defendant filed a motion to dismiss on the ground that, because the plaintiff had not secured authorization from the claims commissioner prior to commencing this action,

[1] General Statutes § 52-190a provides in relevant part: "No civil action or apportionment complaint shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action or apportionment complaint has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint . . . shall contain a certificate of the attorney or party filing the action . . . that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant . . . . To show the existence of such good faith, the claimant or the claimant's attorney . . . shall obtain a written and signed opinion of a similar health care provider . . . that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion. . . ."

[2] General Statutes § 4-160 provides in relevant part: "(a) When the Claims Commissioner deems it just and equitable, the Claims Commissioner may authorize suit against the state on any claim which, in the opinion of the Claims Commissioner, presents an issue of law or fact under which the state, were it a private person, could be liable.

"(b) In any claim alleging malpractice against the state, a state hospital or a sanitorium or against a physician, surgeon, dentist, podiatrist, chiropractor or other licensed health care provider employed by the state, the attorney or party filing the claim may submit a certificate of good faith to the Claims Commissioner in accordance with section 52-190a. If such a certificate is submitted, the Claims Commissioner shall authorize suit against the state on such claim."

the defendant was immune from suit under the doctrine of sovereign immunity. On January 31, 2012, the court granted the defendant's motion.

The following additional procedural history is relevant to the plaintiff's claim on appeal. On December 30, 2011, during the pendency of this action and almost two years after the medical negligence as alleged in the complaint occurred, the plaintiff filed with the claims commissioner a certificate of good faith as is required by § 4-160 (b) to commence a medical malpractice action against the state. See footnote 2 of this opinion. On January 12, 2012, the defendant moved to dismiss the claim before the claims commissioner on the ground that it had not been filed within one year from the time that the claim had accrued, as required by General Statutes § 4-148 (a).[3] On March 8, 2012, the parties appeared before the claims commissioner. According to her representations before this court during oral argument, when the plaintiff appeared before the claims commissioner, she ostensibly argued that the one year statute of limitations had been tolled by the continuous course of conduct doctrine. Nonetheless, the claims commissioner dismissed the claim because it had not been presented in a timely fashion as required by § 4-148 (a).

On March 13, 2012, the plaintiff requested that the General Assembly review the decision of the claims commissioner pursuant to General Statutes §§ 4-158 and 4-159.[4] Again, according to her representations during oral argument to this court, she ostensibly presented

---

[3] General Statutes § 4-148 (a) provides: "Except as provided in subsection (b) of this section, no claim shall be presented under this chapter but within one year after it accrues. Claims for injury to person or damage to property shall be deemed to accrue on the date when the damage or injury is sustained or discovered or in the exercise of reasonable care should have been discovered, provided no claim shall be presented more than three years from the date of the act or event complained of."

[4] General Statutes § 4-158 (b) provides in relevant part: "Any person who has filed a claim for more than seven thousand five hundred dollars may

the same tolling doctrine argument to the appropriate committee of the General Assembly on March 4, 2013. As of the date of the oral argument in this appeal, we have not been advised of the action, if any, of the General Assembly on this request for review.

The sole question before this court is whether the trial court properly rendered judgment of dismissal. Although in her brief the plaintiff did not explicitly invoke the doctrine of futility, in her oral argument to this court she has clarified the nature of her argument so as to do so.[5] She argues that, because § 4-160 (a) provides that "[i]f such a certificate [of good faith] is

request the General Assembly to review a decision of the Claims Commissioner . . . . A request for review shall be in writing and filed with the Office of the Claims Commissioner not later than twenty days after the date the person requesting such review receives a copy of the decision. The filing of a request for review shall automatically stay the decision of the Claims Commissioner."

General Statutes § 4-159 provides in relevant part: "(a) Not later than five days after the convening of each regular session and at such other times as the speaker of the House of Representatives and president pro tempore of the Senate may desire, the Claims Commissioner shall submit to the General Assembly (1) all claims for which a request for review has been filed pursuant to subsection (b) of section 4-158, together with a copy of the Claims Commissioner's findings and the hearing record of each claim so reported.

"(b) The General Assembly shall:

"(1) With respect to a decision of the Claims Commissioner ordering the denial or dismissal of a claim pursuant to subdivision (1) of subsection (a) of section 4-158:

"(A) Confirm the decision; or

"(B) Vacate the decision and, in lieu thereof, (i) order the payment of the claim in a specified amount, or (ii) authorize the claimant to sue the state . . . ."

[5] We ordinarily do not address arguments raised for the first time during oral argument. See, e.g., *Grimm* v. *Grimm*, 276 Conn. 377, 393, 886 A.2d 391 (2005), cert. denied, 547 U.S. 1148, 126 S. Ct. 2296, 164 L. Ed. 2d 815 (2006). Nevertheless, by interpreting the argument section of the plaintiff's brief in conjunction with her oral argument, we have discerned what we believe is her principal claim on appeal. Further, there is no prejudice to the defendant, as it fully briefed the issue of the futility doctrine as a ground for affirming the court's holding that it would not be futile for the plaintiff to exhaust her administrative remedies.

submitted, the claims commissioner *shall* authorize suit against the state on such claim"; (emphasis added); the doctrine of futility excuses her from the necessity of filing such a certificate of good faith with the claims commissioner because the claims commissioner was required to authorize the suit by virtue of the mandatory nature of the word "shall" in § 4-160 (a). Thus, as she stated in oral argument, the filing of such a certificate of good faith with the claims commissioner is "basically a step that has no value," because the claims commissioner has no discretion to deny such a claim. This argument turns the futility doctrine on its head.

Under the statutory scheme for presentation of medical malpractice claims against the state, if the claims commissioner authorizes a suit pursuant to § 4-160 (b), the state's sovereign immunity is waived. See General Statutes § 4-160 (c).[6] Taken at its face value—namely, that the claims commissioner has no discretion to deny a claim that is submitted with a certificate of good faith, irrespective of the facts and circumstances—the plaintiff's argument is not that the procedure is futile; it is, instead, that the procedure is too easy to comply with. Looking at the plaintiff's argument more closely, we conclude that the filing requirement for waiver of sovereign immunity is definitely not "a step that has no value." It is the step that the legislature has mandated, and it gives the claims commissioner the opportunity to deny the claim for untimeliness, as the present

---

[6] General Statutes § 4-160 (c) provides: "In each action authorized by the Claims Commissioner pursuant to subsection (a) or (b) of this section or by the General Assembly pursuant to section 4-159 or 4-159a, the claimant shall allege such authorization and the date on which it was granted, except that evidence of such authorization shall not be admissible in such action as evidence of the state's liability. The state waives its immunity from liability and from suit in each such action and waives all defenses which might arise from the eleemosynary or governmental nature of the activity complained of. The rights and liability of the state in each such action shall be coextensive with and shall equal the rights and liability of private persons in like circumstances."

case shows. Put simply, we see nothing futile in requiring a potential medical malpractice claimant to file a good faith certificate with the claims commissioner as a precondition to obtaining the commissioner's authorization to sue the state—as the plaintiff has in fact done, albeit unsuccessfully thus far. Accordingly, we conclude that the trial court properly rendered a judgment of dismissal because, at the time the plaintiff commenced this action, she had not yet obtained authorization to sue.

The judgment is affirmed.